# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samhita Gera, | No. CV-23-02164-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Chamath Palihapitiya, et al., | |
| Defendants. | |

This matter comes before the Court to determine whether to approve Plaintiffs' settlement. The Court, having considered Plaintiffs' Unopposed Motion for Final Approval of Settlement (Doc. 63) and Unopposed Motion for Attorneys' Fees (Doc. 64), the Settlement as set forth in the Stipulation (Doc. 60-2), the pleadings, and other papers on file in this action, and the statements of counsel and the parties, including at the Fairness Hearing, hereby finds that the proposed settlement should be approved. Accordingly, the Court enters this Order of Final Approval.

**IT IS THEREFORE ORDERED** that Plaintiffs' Unopposed Motion for Final Approval of Settlement (Doc. 63), and Unopposed Motion for Attorneys' Fees (Doc. 64), are **GRANTED** as provided herein:

1. The Court has jurisdiction over the subject matter of this action, including all matters necessary to effectuate the Settlement, and over the parties to the Settlement.

2. For purposes of this Order, except as otherwise set forth herein, the Court incorporates the definitions contained in the Stipulation, (Doc. 60-2), and Proposed Order

(Doc. 63-21).

3.    The Court finds that the Settlement set forth in the Stipulation (Doc. 60-2) is fair, reasonable, and adequate and hereby finally approves the Settlement in all respects and orders the Settling parties to perform its terms to the extent the Settling Parties have not already done so.

4.    The *Gera* Action, all claims contained therein, and any other Released Claims, are hereby ordered as fully, finally, and forever compromised, settled, released, discharged, and dismissed on the merits and with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

5.    Upon the Effective Date, Plaintiffs in each of the Derivative Actions, other than Plaintiff Gera in the *Gera* Action, shall file appropriate papers with the United States District Court for the District of Delaware or Delaware Court of Chancery, as appropriate, to voluntarily dismiss their respective Actions with prejudice.

6.    Upon the Effective Date, Plaintiffs and their Related Persons, Plaintiffs' Counsel and their Related Persons, and Current Opendoor Stockholders (solely in their capacity as Opendoor stockholders) and their Related persons shall be deemed to have, and by operation of this Judgment shall have fully, finally, and forever waived, released, relinquished, discharged, and dismissed all Released Claims (including Unknown Claims) against the Released Persons, including any and all claims (including Unknown Claims) against the Released Persons arising out of, relating to, or in connection with the defense, Settlement, or resolution of the Derivative Actions.

7.    Upon the Effective Date, Plaintiffs and their Related Persons, Plaintiffs' Counsel and their Related Persons, and Current Opendoor Stockholders (solely in their capacity as Opendoor stockholders) and their Related Persons shall be forever barred, estopped, and enjoined from commencing, instituting, or prosecuting any of the Released Claims (including Unknown Claims) or any action or other proceeding against any of the Released Persons based on the Released Claims, or any action or proceeding arising out of, relating to, or in connection with the Released Claims. Nothing herein shall in any way

- 2 -

impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

8.    Upon the Effective Date, Opendoor shall be deemed to have, and by operation of this Judgment shall have fully, finally, and forever waived, released, relinquished, discharged, and dismissed all Released Claims (including Unknown Claims) against the Released Persons.

9.    Upon the Effective Date, Opendoor shall be forever barred, estopped, and enjoined from commencing, instituting, or prosecuting any of the Released Claims (including Unknown Claims) or any action or other proceeding against any of the Released Persons based on the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

10.    Upon the Effective Date, each of the Released Persons shall be deemed to have fully, finally, and forever released, relinquished, and discharged Plaintiffs and their Related Persons, Plaintiffs' Counsel and their Related Persons, and Current Opendoor Stockholders (solely in their capacity as Opendoor stockholders) and their Related Persons from all claims (including unknown claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Derivative Actions or the Released Claims.

11.    Upon the Effective Date, each of the Released Persons shall be forever barred, estopped, and enjoined from commencing, instituting, or prosecuting all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Derivative Actions or the Released Claims, or any action or other proceeding against any Plaintiffs and their Related persons, Plaintiffs' Counsel and their Related Persons, and current Opendoor Stockholders (solely in their capacity as Opendoor stockholders) and their Related Persons.

12.    Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

13.    The Court finds that the notice to Current Opendoor Stockholders was made in accordance with the Preliminary Approval Order and provided the best notice

practicable under the circumstances to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil procedure 23.1 and the requirements of due process.

14.     The Court finds that during the course of the litigation, the Settling parties and their counsel at all times complied with Federal Rule of Civil Procedure 11.

15.     The Court hereby approves the Fee and Expense Amount in the amount of $1.95 million agreed to by Plaintiffs' Counsel and Defendants and finds that such Fee and Expense Amount is fair and reasonable in light of the substantial benefits conferred upon Opendoor by the Corporate Governance Reforms.

16.     The Court also hereby awards each of the Plaintiffs and Ingrao $2,500 as Service Awards, to be paid solely out of the Fee and Expense Award.

17.     Neither this Judgment, the Stipulation (including any exhibits attached thereto) nor any act performed or document executed pursuant to or in furtherance of the Stipulation or Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way as a presumption, a concession, admission, or evidence of the validity or infirmity of any Released Claims, or of any fault, wrongdoing or liability of the Released Persons; (b) is, may be deemed to be, or may be used as a presumption, concession, admission or evidence of any liability, fault, or omission of any of the Released Persons in any civil, criminal, or administrative, or other proceeding in any court, administrative agency, tribunal, or other forum; or (c) is or may be deemed an admission by any Settling Party as to the merits or lack thereof of any claim, allegation, or defense.

18.     Neither this Judgment, the Stipulation, nor the Settlement, nor any act performed or document executed pursuant to or in furtherance thereof, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement in court and except that the Released Persons may file or use the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, judgment bar, or reduction, or any other theory of claim preclusion or issue

preclusion or similar defense or counterclaim.

19. Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; and (b) all Settling Parties for the purpose of construing, enforcing, and administering the Stipulation and this Judgment, including, if necessary, setting aside and vacating this Judgment, on motion of a Settling Party, to the extent consistent with and in accordance with the Stipulation if the Effective Date fails to occur in accordance with the Stipulation.

**IT IS FURTHER ORDERED** dismissing this case **with prejudice** and directing the Clerk of Court to enter a judgment of dismissal and close this case.

Dated this 25th day of November, 2025.

Michael T. Liburdi
United States District Judge